# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO ARIZMENDI OCHOA, | 1:08-cv-01798 OWW TAG |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 2) |
| v. | |
| SGT. CASEY GROGAN, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND WITHIN THIRTY DAYS (Doc. 7) |
| Defendant. | |
| | ORDER DENYING PLAINTIFF"S APPLICATION FOR INVESTIGATOR AND OTHER FUNDS (Doc. 8). |

On November 24, 2008, pro se state prisoner Alfonso Arizmendi Ochoa ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983, against Shafter Police Officer Sgt. Casey Grogan ("Officer Grogan"). On November 24, 2008, Plaintiff also filed an application to proceed in forma pauperis ("IFP"). (Doc. 2). On December 1, 2008, the matter was reassigned and referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303. (Doc. 4). On December 10, 2008, Plaintiff filed a first amended complaint. (Doc. 7). On December 10, 2008, Plaintiff also filed an application for funds to pay for "investigators, experts and others." (Doc. 8).

## 1. **IFP Motion**

The Court finds that Plaintiff's IFP motion, wherein he reports that he is incarcerated, unemployed, and has no income or assets, satisfies the indigency requirements of 28 U.S.C.

1

§ 1915 and that Plaintiff is unable to pay the costs of commencing this action.  Accordingly, Plaintiff's IFP motion will be granted.

**2.  Amended complaint**

    A.  Screening

    The Court is required to screen a complaint brought by a prisoner seeking relief against a governmental agency or an officer or employee of a governmental agency, and to review a case filed in forma pauperis prior to service of process.  28 U.S.C. §1915A(a); 28 U.S.C. 1915(e). The Court must screen the complaint–in this case, Plaintiff's amended complaint--for sufficiency and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) &(2); 28 U.S.C. § 1915 (e)(2)(B); see Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987 (citing Franklin v. Murphy, 745 F. 2d 1221, 1228 (9th Cir. 1984).

    (1) Failure to state a claim

    A complaint should be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984)(citing Conley v Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n., Inc., 651 F. 2d 1289, 1294 (9th Cir. 1981).  Section 1915(e) of the Prison Litigation Reform Act requires a district court to dismiss an informa paupers complaint that fails to state a claim. 28 U.S.C. § 1915; Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  However, where a deficient complaint could possibly be cured by an amendment, the complaint must be dismissed with leave to amend.  See Eldridge v. Block, 832 F. 2d 1132, 1135-1137 (9th Cir. 1987).  When reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint, construe it in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740, 96 S. Ct. 1848 (1976); Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843 (1969) .

    (2)  Frivolous

    A complaint is legally frivolous when it has no arguable basis in law or fact.  Neitzke v.

1   Williams, 490 U.S. 319, 324-325, 109 S. Ct. 1837 (1989); Franklin v. Murphy, 745 F. 2d at

2   1229.  The Court may dismiss a complaint as frivolous if it is based on an indisputably meritless

3   legal theory or merely fanciful factual allegations.  Id.  Frivolous factual allegations include those

4   that are irrational or wholly incredible.  Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728

5   (1992).  The Court must liberally construe a pro se pleading, however, it is not required to

6   "accept as true unreasonable inferences or conclusory allegations cast in the form of factual

7   allegations."  Trevillion v. Tarantino, 2005 WL 2072098, at *3 (N.D. Cal. Aug. 23, 2005)

8   (citations omitted).

9        (3) Malicious

10       The test for malice is a subjective one that requires the court to determine whether the

11  plaintiff is proceeding in good faith.  Kinney v. Plymouth Rock Squab. Co., 236 U. S. 43, 46, 35

12  S. Ct. 236 (1915); see Wright v. Newsome, 795 F. 2d 964, 968 n. 1(11th Cir. 1986).  A

13  complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse

14  the judicial process,  threatens violence or contains disrespectful references to the court, or

15  contains untrue material allegations of fact or false statements made with knowledge and intent

16  to deceive the court.  Crisafi v. Holland, 655 F. 2d 1305, 1309 (D.C. Cir. 1981); Horsey v. Asher,

17  741 F. 2d 209, 212 (9th Cir.  1984).

18       (4) Section 1983 amended complaint

19       Plaintiff's first amended complaint seeks damages under 42 U.S.C. § 1983, which

20  provides in pertinent part that:

21              Every person who, under color of any statute, ordinance, regulation, custom, or
            usage, of any State or Territory or the District of Columbia, subjects, or causes to be
22          subjected, any citizen of the United States or other person within the jurisdiction
            thereof to the deprivation of any rights, privileges, or immunities secured by the
23          Constitution and laws, shall be liable to the party injured in an action at law, suit in
            equity, or other proper proceeding for redress. . ..
24
    42 U.S.C. § 1983.
25
26       To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred

27  that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that

28  rights acted under color of state law.   West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988);

1    Collins v. Womancare, 878 F. 2d 1145, 1147 (9th Cir. 1989).  To warrant relief under § 1983, the

2    plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of

3    the plaintiff's  constitutionally protected rights.  Leer v. Murphy, 844 F. 2d 628, 633 (9th Cir.

4    1993).  "A person deprives another of a constitutional right, within the meaning of section 1983,

5    if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act

6    which he is legally required to do that causes the deprivation of which [the plaintiff complains]."

7    Leer, 844 F.2d at 633.   There must be an actual causal connection or link between the actions of

8    each defendant and the deprivation alleged to have been suffered by the plaintiff.  See Monell v.

9    Department of Social Services, 436 U.S. 658, 691-692, 98 S. Ct. 2018 (1978)(citing Rizzo v.

10   Goode, 432 U.S. 362, 370-371, 96 S. Ct. 598 (1976)).

11          (5) Rule 8(a)

12          Section 1983 complaints are governed by the notice pleading standard in Federal Rule of

13   Civil Procedure 8(a), which provides in relevant part that:

14                 A pleading that states a claim for relief must contain:

15                 (1) a short and plain statement of the grounds for the court's jurisdiction,
                   unless the court already has jurisdiction and the claim needs no new
16                 jurisdictional support;

17                 (2) a short and plain statement of the claim showing that the pleader is
                   entitled to relief; and
18
                   (3) a demand for the relief sought, which may include relief in the
19                 alternative or different types of relief.

20          The Federal Rules of Civil Procedure adopt a flexible pleading policy.  Nevertheless, a

21   complaint must give fair notice and state the elements of the plaintiff's claim plainly and

22   succinctly.  Jones v. Community Redevelopment Agency,  733 F. 2d 646, 649 (9th Cir. 1984).  In

23   other words,  the plaintiff is required to give the defendants fair notice of what the plaintiff's

24   claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512,

25   122 S. Ct. 992 (2002) (citations omitted).  Although a complaint need not outline all of the

26   elements of a claim, it must be possible to infer from the allegations that all of the elements exist

27   and that the plaintiff is entitled to relief under a viable legal theory.  Walker v. South Cent. Bell

28   Telephone Co., 904 F. 2d 275, 277 (5th Cir. 1990).  Conclusory allegations unsupported by facts

4

are insufficient to state a claim under § 1983.  <u>Sherman v. Yakahi</u>, 549 F. 2d 1287, 1290 (9th Cir.

1977).  The plaintiff "must 'allege with at least some degree of particularity overt acts which

defendants engaged in' that support plaintiff's claims."  <u>Id.</u>

B.  <u>Analysis</u>

(1).  <u>Plaintiff's allegations</u>

Plaintiff's first amended complaint (Doc. 7) alleges civil rights violations arising out of a

police shooting.  It also appears that Plaintiff attempts to allege a state law negligence claim.

Plaintiff alleges that on July 4, 2008, at approximately 5:15 p.m., Sergeant Grogan "harmed

plaintiff Mister Ochoa by firing one round right through plaintiff's lower thigh above the right

knee causing physical injuries to Mr. Ochoa."  (Doc. 7, p. 1).  Plaintiff then alleges that Sergeant

Grogan's conduct was "wrongful and negligent," that Grogan was acting under color of state law,

and that he is entitled to money damages as a result of Grogan's conduct.  (<u>Id.</u>).  Plaintiff goes on

to allege that the use of "excessive force" by Sergeant Grogan was proscribed by the Eighth

Amendment to the United States Constitution.  (<u>Id.</u> at p. 2).  Plaintiff then alleges that Sergeant

Grogan "wanted me out of his community," that Plaintiff was scared of Grogan, and that "my

hands were in the air in front of me [while] I was on the ground when Sgt. Grogan put a bullet

through my leg."  (<u>Id.</u>).  Plaintiff alleges that "Sgt. Casey Grogan's wrongful and negligent acts

and omission cause Plaintiff to suffer injury.  See Government Code § 844.6(d). " (<u>Id.</u>).  Plaintiff

asks for five million dollars in damages.  (<u>Id.</u>).

(2).  <u>Analysis of Sufficiency of Plaintiff's Excessive Force Claim</u>.

Here, Plaintiff has alleged that Sergeant Grogan, acting as an employee of the Shafter

Police Department, engaged in the use of excessive force in violation of the Eighth Amendment's

prohibition against cruel and unusual punishment.  For the reasons set forth below, the Court

concludes that Plaintiff has not pleaded facts sufficient to state a claim for a Fourth Amendment

violation.

a.  <u>Eighth Amendment Claim</u>.

The language of the Eighth Amendment, "[e]xcessive bail shall not be required, nor

excessive fines imposed, nor cruel and unusual punishments inflicted," manifests "an intention to

1  limit the power of those entrusted with the criminal-law function of government." Ingraham v.

2  Wright, 430 U.S. 651, 664, 97 S.Ct. 1401, 1408 (1977).  The United States Supreme Court has

3  recognized that the protections of the Fourth Amendment apply to excessive force claims "in the

4  course of an arrest, investigatory stop, or other 'seizure' of a free citizen." Graham v. Connor, 490

5  U.S. 396, 395 (1989).[1]  By contrast, the Eighth Amendment's prohibition on cruel and unusual

6  punishment "was designed to protect those convicted of crimes, and consequently the Clause

7  applies only after the State has complied with the  constitutional guarantees traditionally

8  associated with criminal prosecutions." Whitley v. Albers, 475 U.S. 312, 318, 106 S.Ct. 1078,

9  89 L.Ed.2d 251 (1986) (internal quotation marks and citation omitted) (quoting Ingraham, 430

10 U.S. at 664, 671 n. 40).  Moreover, "[n]ot every governmental action affecting the interests or

11 well-being of a prisoner is subject to Eighth Amendment scrutiny[.]" Whitley, 475 U.S. at 319;

12 see also Ingraham, 430 U.S. at 670.  Rather, "[i]t is obduracy and wantonness, not inadvertence

13 or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual

14 Punishments Clause." Whitley, 475 U.S. at 319.

15      Here, it appears implicit from the amended complaint that Plaintiff had yet to be

16 criminally prosecuted at the time of the alleged shooting.  Indeed, it appears that Sergeant Grogan

17 was in the process of attempting to arrest Plaintiff at the time the incident occurred.  Thus, the

18 Eighth Amendment is inapplicable.  However, even if the Court's inferences are incorrect and

19 Plaintiff had already been convicted at the time of the alleged shooting, the amended complaint is

20 fatally defective in alleging that fact as a predicate for an Eighth Amendment excessive force

21 claim.[2]

22

23      [1]The Supreme Court "ha [s] not resolved the question whether the Fourth Amendment continues to provide
individuals with protection against the deliberate use of excessive physical force beyond the point at which arrest

24 ends and pretrial detention begins." Graham, 490 U.S. at 395 n. 10.  However, Plaintiff's amended complaint does
not allege that Plaintiff had already been arrested at the time of the alleged incident.  Accordingly, from the scant

25 facts alleged in the amended complaint, it appears that Sgt. Grogan was attempting to effect an arrest.

26      [2]Additionally, while Plaintiff has alleged that Sgt. Grogan's conduct was "wrongful and negligent," he has
not provided any details, or even any broad conclusory allegations that defendants' conduct rose to the level of

27 "obduracy and wantonness." Whitley, 475 U.S. at 319.  The amended complaint merely alleges that Plaintiff had his
hands in the air in front of him when the shooting took place, that Sgt. Grogan wanted Plaintiff out of the community,

28 and that Plaintiff was scared of Grogan.  However, without additional facts to explain the circumstances surrounding

1          b. Fourth Amendment Claim.

2          Here, it appears that Plaintiff was in the process of being arrested at the time the incident

3   occurred; hence, any excessive force claim must be predicated on the Fourth Amendment, not the

4   Eighth Amendment.  Graham, 490 U.S. at 395.  Because Plaintiff is proceeding pro se, the Court

5   will construe the amended complaint to allege the use of excessive force in violation of the

6   Fourth Amendment..

7          The Fourth Amendment guarantees the right "to be secure in their persons . . . against

8   unreasonable ... seizures."  U.S. Const. amend. IV.   In Graham v. Connor, 490 U.S. 386, 395,

9   (1989), the United States Supreme Court held that claims alleging that law enforcement officials

10  used excessive force during an arrest, investigatory stop, or other seizure should be analyzed

11  under the Fourth Amendment's "objective reasonableness" standard.  Billington v. Smith, 292

12  F.3d 1177, 1184 (9th Cir. 2002); Robinson v. Solano County, 278 F.3d 1007, 1009 (9th Cir.

13  2002).  Under the Fourth Amendment, officers may only use such force as is "objectively

14  reasonable" under the circumstances.   Graham v. Connor, 490 U.S. 386, 397 (1989). To

15  determine whether the force used was reasonable, courts balance "the nature and quality of the

16  intrusion on the individual's Fourth Amendment interests against the countervailing

17  governmental interests at stake."  Id. at 396 (citations omitted); Billington, 292 F.3d at 1184.

18         In evaluating the nature and quality of the intrusion, the court must consider "the type and

19  amount of force inflicted"  in arresting the plaintiff.  Jackson v. City of Bremerton, 268 F.3d 646,

20  651-652 (9th Cir. 2001); Chew v. Gates, 27 F.3d 1432, 1440 (9th Cir.1994)

21         Next, the court must balance the plaintiff's alleged intrusions against the governmental

22  interests at stake.  Jackson v. City of Bremerton, 268 F.3d 646, 652 (9th Cir. 2001)   In

23  considering the government's interests, the court must consider the severity of the crime at issue,

24  whether the suspect posed an immediate threat to the officer's safety and whether the plaintiff

25  _____

26  this incident, there is simply no factual basis for a conclusion that Sgt. Grogan's conduct, as presently pled, was so
    egregious that it violated Plaintiff's Eighth Amendment rights.  Thus, even if the Eighth Amendment were applicable
27  to Plaintiff, the allegations in the amended complaint would be insufficient to state a claim for excessive force under
    the Eighth Amendment.

28

1   was actively resisting arrest or attempting to evade arrest by flight.   Graham, 490 U.S. at 396

2   (citing Tennessee v. Garner, 471 U.S. 1, 8-9 (1985));  Jackson, 268 F.3d at 651-652.

3       "The reasonableness inquiry is objective, without regard to the officer's good or bad

4   motivations or intentions." Billington, 292 F.3d at 1184.  The court must judge the

5   reasonableness of a particular use of force "from the perspective of a reasonable officer on the

6   scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 397.  The court must

7   remember that police officers are often forced to make split-second judgments during  tense,

8   uncertain, and rapidly evolving circumstances.  Billington, 292 F.3d at 1184; Robinson v. Solano

9   County, 278 F.3d 1007, 1009 (9th Cir. 2002).

10      The same analysis applies to any arrest situation where force is used, whether it involves

11   physical restraint, use of a baton, use of a gun, or use of a dog. Mendoza v. Block, 27 F.3d 1357,

12   1362-63 (9th Cir. 1994) (deputies' use of police dog to find suspect and secure him until

13   handcuffed analyzed under reasonableness standard).

14      Because the reasonableness test is not capable of precise definition or mechanical

15   application, its proper treatment requires careful attention to the facts and circumstances of each

16   particular case including the severity of the crime at issue, whether the suspect poses an

17   immediate threat to the safety of the officers or others, and whether he is actively resisting arrest

18   or attempting to evade arrest by flight.  Graham, 490 U.S. at 396; Tennessee v. Garner, 471 U.S.

19   1, 3 (1985) (use of deadly force reasonable only if officer has probable cause to believe that

20   suspect poses significant threat of death or serious physical injury to officer or others). These

21   factors are not exclusive, however, and the totality of the particular circumstances of each case

22   must be considered. Fikes v. Cleghorn, 47 F.3d 1011, 1014 (9th Cir. 1995); Forrester, 25 F.3d at

23   806 n.2.

24      Police officers are not required to use the least intrusive degree of force possible; they are

25   required only to act within a reasonable range of conduct. See Forrester, 25 F.3d at 806-07 (use

26   of minimal and controlled force in manner designed to limit injuries reasonable); Scott v.

27   Henrich, 39 F.3d 912, 915 (9th Cir. 1994) (requiring officers to find and choose least intrusive

28   alternative would require them to exercise superhuman judgment) (1995). A plaintiff may prove

8

1  excessive force, however, even where there is no significant injury.  See Wilks v. Reyes, 5 F.3d

2  412, 416 n.1 (9th Cir. 1993) (plaintiff entitled to award of nominal damages even if no actual

3  damage suffered).

4        Applying those principles to the instant amended complaint, the Court concludes that

5  plaintiff has failed to plead sufficient factual allegations to demonstrate that defendants' conduct

6  was unreasonable. Plaintiff's complaint asserts merely conclusory allegations that defendants'

7  unreasonable and excessive force is evidenced by defendants "firing one round right through

8  plaintiff's lower thigh...."  (Doc. 7, p. 1).   Plaintiff also alleges that "my hands were in the air in

9  front of me [while] I was on the ground when Sgt. Casey Grogan put a bullet through my leg...."

10  (Id. at pp. 1-2).   Other than Plaintiff's conclusory allegations that the defendants' conduct was,

11  variously, sadistic, wrongful, and negligent, Plaintiff does not allege how Plaintiff came to be on

12  the ground, where this incident occurred, what prompted defendant and/or other law enforcement

13  personnel to be present in that area or for Sergeant Grogan to draw his weapon, why Plaintiff's

14  hands were "in the air" in front of him on the ground, or indeed any other circumstances that

15  would give some factual context to the allegation that Sergeant Grogan's shooting of Plaintiff

16  was  "wrongful and negligent."

17        Additionally, Plaintiff has failed to allege any facts showing that Sergeant Grogan was

18  neither provoked nor justified in his actions.  Plaintiff's failure to specifically articulate the

19  circumstances of the arrest is of notable importance in light of the Supreme Court's determination

20  in Graham that the "reasonableness" inquiry in an excessive force case is an "objective one: the

21  question is whether the officers' actions are 'objectively reasonable' in light of the facts and

22  circumstances confronting them." Graham, 490 U.S. at 397 (citing Scott v. United States, 436

23  U.S. 128, 137-39 (1978)).  Without allegations regarding those "facts and circumstances," the

24  Court has no basis on which to conduct an "objective reasonableness" inquiry.

25        For the foregoing reasons, the Court finds that Plaintiff has not pled facts sufficient to

26  state a violation of his Fourth Amendment rights.  Therefore, the Court will dismiss the amended

27  complaint; Plaintiff is given leave to amend his complaint, by filing a second amended

28  complaint,  to specify the actual conduct that made the officer's use of force excessive and

9

1    unreasonable under the Fourth Amendment.

2            (3).  <u>Negligence claim</u>.

3            On page one of the amended complaint, Plaintiff alleges that "Sgt. Casey Grogan's

4    wrongful and negligent acts and omission cause Plaintiff to suffer injury.  See Government Code

5    § 844.6(d)."  On page two of the amended complaint, he states "[a] police department or police

6    officers can be sued for money damages under state law because the official's wrongful or

7    negligent act or failure to act caused injury or harm to a state parolee.  Government Code

8    §844.6(d)."  It is unclear whether Plaintiff is asserting that his constitutional rights were violated

9    based upon negligence, or if he is asserting a state law negligence claim against Sergeant Grogan

10   and/or others.  If it is the former, it is insufficient to state a § 1983 claim.  See <u>Daniels v.</u>

11   <u>Williams</u>, 474 U.S. 327, 330-331 (1986); <u>see also</u>, <u>Alfrey v. United States</u>, 276 F. 3d 557, 568

12   (9th Cir. 2002).  If it is the latter, it does not allege the requisite elements of negligence under

13   state law, i.e.,  duty, breach, causation, and damages.  <u>See</u> <u>United States Liab. Inc. Co. v.</u>

14   <u>Haidinger-Hayes, Inc.</u>, 48 Cal. 3d 583, 588 (1989). Under either scenario, Plaintiff fails to state a

15   claim with respect to negligence.

16           (4).  <u>Shafter Police Department</u>

17           The case and caption of Plaintiff's amended complaint does not named the Shafter Police

18   Department as a defendant; however, the body of the amended complaint alleges "[t]hese

19   lawsuits for money damages against Shafter Police Department and Sgt. Casey Grogan ...." (Doc.

20   7, p. 1).  The Court construes these allegations to mean that Plaintiff intends to include the

21   Shafter Police  Department as a defendant in this civil rights action.  A private right of action

22   exists against persons who, acting under color of state law, violate a plaintiff's federal

23   constitutional rights.  42 U.S.C. § 1983.  In the context of a § 1983 claim, the term "persons"

24   does not include municipal departments, such as a city police department.  "Naming a municipal

25   department as a defendant is not an appropriate means of pleading a § 1983 action against a

26   municipality."  <u>Vance v. County of Santa Clara</u>, 928 F. Supp. 993, 995-996 (N.D. Cal.

27   1996)(quoting <u>Stump v. Gates</u>, 777 F. Supp. 808, 816 (D. Colo. 1991); <u>Gordon v, Butte County</u>,

28   2008 WL 4370110 at *2 (E.D.Cal. September 23, 2008).  The Shafter Police Department is not a

1    proper defendant.

2    _____ C.  Opportunity to amend

3    _____Based on the foregoing, Plaintiff's case will be dismissed.  However, given Plaintiff's

4    status as a pro se litigant, Plaintiff will be given an opportunity to amend his complaint by filing

5    a second amended complaint.  Any amended complaint supercedes the original or preceding

6    complaint(s), Forsyth v. Humana, Inc., 114 F. 3d 1467, 1474 (9th Cir 1997),  and must be

7    "complete in itself without reference to the prior or superceded pleading."  Local Rule 15-220.

8    Once an amended complaint is filed, the original or preceding pleading no longer serves any

9    function in the action.  Therefore, in an amended complaint, as in an original complaint, each

10   claim and the underlying facts must be sufficiently alleged.

11   **3.  Application for investigator and other funds**

12       On December 10, 2008, Plaintiff filed an application seeking funds to pay for

13   "investigators, experts and others for the preparation or presentation of my defense."  (Doc. 8).

14   Plaintiff did not cite any legal authority supporting his request for funds.  This is a civil, not a

15   criminal action, and Plaintiff is not a defendant.  The Court has been unable to locate any

16   authority authorizing the payment of funds in a civil action for the purposes requested by

17   Plaintiff.  Moreover, in light of the Court's decision to dismiss the amended complaint with leave

18   to amend, Plaintiff's application for funds will be denied as moot and without prejudice.

19       Accordingly, IT IS HEREBY ORDERED that:

20       1.  Plaintiff's motion to proceed in forma pauperis (Doc. 2) is GRANTED;

21       2.  Plaintiff's amended complaint (Doc. 7) is DISMISSED, with leave to amend, for

22   failure to state a claim;

23       3.  Plaintiff's application for investigator and other fees (Doc. 8) is DENIED AS MOOT

24   and WITHOUT PREJUDICE;

25       4. The Clerk's Office shall send Plaintiff a civil rights complaint form; and

26       5.  Within thirty (30) days from the date of service of this order, Plaintiff must file a

27   second  amended complaint curing the deficiencies identified by the Court in this order; the

28   second amended complaint must bear the docket number assigned to this case, it must be labeled

1   "Second Amended Complaint," and it may not add any new, unrelated claims to this action.

2          **Any attempt to add any new, unrelated claims to this action via an amended**

3   **complaint will result in an order striking the amended complaint.  Plaintiff's failure to file**

4   **an amended complaint will result in a recommendation to dismiss this action.  Local Rule**

5   **11-110.**

6

7   IT IS SO ORDERED.

8   Dated:   **December 15, 2008**                              **/s/ Theresa A. Goldner**
    _____                                                UNITED STATES MAGISTRATE JUDGE
9