# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO ARIZMEDI OCHOA, | Case No. 1:08-cv-01798-OWW-TAG |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (Doc. 6) |
| SGT. CASEY GROGAN, | |
| Defendant. | |

On November 24, 2008, *pro se* prisoner Alfonso Arizmedi Ochoa ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 against Shafter Police Officer Sgt. Casey Grogan ("Officer Grogan") as well as an application to proceed *in forma pauperis* ("IFP"). (Doc. 2.) On December 10, 2008, Plaintiff filed a first amended complaint (Doc. 7), an application for funds to pay for "investigators, experts, and others" (Doc. 8), and a motion for appointment of counsel (Doc. 6.).

On December 16, 2008, this Court granted Plaintiff's motion to proceed *in forma pauperis*, screened Plaintiff's first amended complaint pursuant to the mandate contained in 28 U.S.C. §1915A, and concluded that it failed to alleged facts sufficient to state any violation of Plaintiff's constitutional right(s). (Doc. 9.) Plaintiff was granted leave to file an amended complaint curing those deficiencies identified by the Court. (*Id.*) On December 29, 2008, Plaintiff requested additional time to file his second amended complaint (Doc. 10); on December 30, 2008, the Court granted Plaintiff an extension of time to do so. (Doc. 11.)

Having not yet ruled on Plaintiff's motion for appointment of counsel to represent Plaintiff in this case, the Court now turns its attention to that request. Plaintiff has asked that counsel be

1

appointed to assist him in prosecuting this civil action "in the interests of justice" and because "professional assistance [is] required" to protect Plaintiff's "interests." (Doc. 6.) Plaintiff declares that he is indigent and unable to afford counsel. (*Id.*) All of these statements are made under penalty of perjury. (*Id.*)

This is a civil case. There is no constitutional right to counsel in a civil case. *Lassiter v. Department of Social Services*, 452 U.S. 18, 25, 101 S. Ct. 2153 (1981). When a person is proceeding *in forma pauperis*, the Court lacks the authority to order an attorney to represent the person. Instead, the Court may request that an attorney represent the person, but should do only in "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *see Aldabe v. Adalbe*, 616 F. 2d 1089, 1093 (9th Cir 1980). The decision to make such a request on behalf of a litigant rests in the sound discretion of the court and may be exercised upon a sufficient showing of exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915[(e)] [internal citations and quotation marks omitted]." (*Id*.) Moreover, the need for further factual discovery is not, by itself, sufficient to establish the complexity of the legal issues. (*Id.*)

The Court notes that Plaintiff's first amended complaint does not describe a complex factual situation or, on the face of the complaint, potentially complex legal claims. It alleges civil rights violations arising out of a single incident involving a police shooting. According to Plaintiff's pleading, on July 4, 2008, at approximately 5:15 p.m., Defendant Casey Grogan, an officer of the Shafter Police Department, "harmed [Plaintiff] by firing one round right through [Plaintiff's] lower [right] thigh ..., causing physical injuries...; that such conduct was "wrongful and negligent," and that officer Grogan was acting under color of law; that officer Grogan was acting in his individual and official capacity when the alleged incident occurred; and that Plaintiff is entitled to money damages as a result of these alleged actions. (Doc. 7.) The incident apparently occurred in or around Shafter,

Kern County, California.  Based on the information contained in Plaintiff's most recent court filings in this action, Plaintiff is incarcerated at a facility located in Kern County and fairly close in geographic proximity to the City of Shafter.

Although Plaintiff's first attempt at articulating a sufficient legal basis for his claim did not meet with success, this Court's screening order addresses the pleading deficiencies.  The Court has also allowed Plaintiff sufficient time to address those deficiencies.

At this juncture, it is premature to conclude that exceptional circumstances presently exist that justify designation of pro bono counsel.  The facts and theories set forth in the prior complaints do not indicate a factually or legally complex case.  Discovery of further facts in itself, would not constitute "exceptional circumstances." *See Wilburn,* 789 F.2d at p. 1331.  And this Court will not infer a probable inability on Plaintiff's part to present a coherent case (law and facts) to the Court based simply on the fact of Plaintiff's incarceration.

The likelihood that a *pro se* litigant would be better served if he were represented by an attorney does not necessarily mean that the issues in the case are complex or that the appointment of counsel is warranted.   Here, there has not been a sufficient demonstration of the exceptional circumstances required to justify designation of pro bono legal counsel to assist Plaintiff in the prosecution of this civil action. For that reason, Plaintiff's motion for appointment of counsel (Doc. 6) is denied without prejudice.

IT IS SO ORDERED.

Dated:   **January 21, 2009**                                             /s/ Theresa A. Goldner
                                                                                           UNITED STATES MAGISTRATE JUDGE