# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALFONSO ARIZMENDI OCHOA, | ) | 1:08-cv-01798-OWW- BAK( SMS ) |
| Plaintiff, | ) ) | REPORT AND RECOMMENDATIONS TO DISMISS THIRD AMENDED COMPLAINT |
| v. | ) ) | WITH PREJUDICE AND WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A |
| SGT. CASEY GROGAN, | ) | CLAIM  (Doc. 15) |
| Defendant. | ) ) ) | |

## **PROCEDURAL HISTORY**

On November 24, 2008, *pro se* state prisoner Alfonso ARIZMENDI Ochoa ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983, against Shafter Police Officer Sgt. Casey Grogan ("Grogan"). (Doc. 1). The face sheet of the complaint named Grogan as the sole defendant, while the body of the complaint identified "Senior Officer Milligan" (" Milligan") as an additional defendant. (Doc. 1, p. 2). On November 24, 2008, Plaintiff also filed an application to proceed *in forma pauperis.* (Doc. 2.) On December 1, 2008, the matter was reassigned and referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and  72-303. (Doc. 4).

On December 10, 2008, Plaintiff filed a First Amended Complaint. (Doc. 7). On December 10, 2008, Plaintiff also filed an application for funds to pay for "investigators, experts and others." (Doc. 8). On December 16, 2008, the Court issued an order granting Plaintiff's motion to proceed *in forma pauperis*, denying his motion for funds for investigators, experts, and

others, and dismissing the first amended complaint with leave to amend within thirty days. (Doc. 9).

In the First Amended Complaint, Plaintiff alleged civil rights violations arising out of the same police shooting as in the original complaint. The handwritten First Amended Complaint alleged that on July 4, 2008, Grogan "harmed plaintiff Mister Ochoa by firing one round right through plaintiff's lower thigh above the right knee causing physical injuries to Mr. Ochoa." (Doc. 7, p. 1.) Plaintiff alleged that Grogan's conduct was "wrongful and negligent," that Grogan was acting under color of state law, and that he was entitled to money damages as a result of Grogan's conduct. (Id.). Plaintiff went on to allege that the use of "excessive force" by Sergeant Grogan was proscribed by the Eighth Amendment to the United States Constitution. (Id. at p. 2.) Plaintiff further alleged that Grogan "wanted me out of his community," that Plaintiff was scared of Grogan, and that "my hands were in the air in front of me [while] I was on the ground when Sgt. Grogan put a bullet through my leg." (Id.) Plaintiff also alleged that "Sgt. Casey Grogan's wrongful and negligent acts and omission cause Plaintiff to suffer injury." (Id.) The First Amended Complaint sought five million dollars in damages. (Id.)

In its order dismissing the First Amended Complaint, the Court concluded that Plaintiff had not pleaded facts sufficient to show that Defendants' actions in shooting Plaintiff were unreasonable; therefore, the complaint failed to state a claim for a Fourth Amendment violation premised on the use of excessive force. (Doc. 9 at p. 9.) The Court also summarily rejected that Eighth Amendment claim . (Doc. 9.) The Court determined that Plaintiff's attempt to include the Shafter Police Department as a defendant in the action was legally futile because a municipal department was not a "person" within the meaning of 42 U.S.C. § 1983. Consequently, the Court concluded that the Shafter Police Department was not a proper defendant.

The Court's order permitted Plaintiff to file a second amended complaint within thirty days. Plaintiff did so on January 22, 2009, again alleging a § 1983 claim based upon the same incident underlying Plaintiff's earlier complaints. (Doc. 13.) This time Plaintiff attempted to frame a constitutional violation based solely upon the Fourth Amendment. The gravamen of the Second Amended Complaint was the allegedly excessive use of force by Sergeant Grogan, acting

as an employee of the Shafter Police Department, in the course of effecting Plaintiff's arrest at the home of Plaintiff's mother on July 4, 2008. (Id.)

The Court concluded that Plaintiff's Second Amended Complaint again failed to state a claim for which relief could be granted in that it lacked sufficient factual allegations demonstrating that Sergeant Grogan's conduct was objectively unreasonable. (Doc. 14 at p.9.) The complaint's allegations pertaining to the objective unreasonableness of Defendant's conduct were merely conclusory – Grogan shot Plaintiff "for no good cause" – and were otherwise insufficient to advise the Court of all the circumstances occurring in connection with the incident, thus leaving the Court unable to determine the objective reasonableness of Defendant Grogan's conduct in shooting Plaintiff in the leg. (Id. at pp. 9-10.)

> As was true with the prior First Amended Complaint, Plaintiff does not allege how Plaintiff came to be in the dog house, what prompted defendant and/or other law enforcement personnel to be present in that area in search of Plaintiff, what Grogan was attempting to arrest Plaintiff for, what circumstances prompted Sergeant Grogan to draw his weapon, or indeed any other circumstances that would provide at least a threshold factual context to Plaintiff's conclusion that Grogan's shooting of Plaintiff was a violation of Plaintiff's civil rights.

(Id. at p. 10.) Moreover, Plaintiff's Second Amended Complaint continued to omit allegations showing that Sergeant Grogan's conduct was neither provoked nor unjustified, a flaw present in his First Amended Complaint as well, and one pointed out by the Court in its previous ruling on the adequacy of that earlier complaint. (Id.) As a consequence of these deficiencies, the Court dismissed Plaintiff's Second Amended Complaint but gave Plaintiff permission to file a third amended complaint within thirty days from the date of service of the Court's order. (Id. at. p. 11.) The Court's order directed that any such third amended complaint must cure the deficiencies identified in the order. (Id.)

Plaintiff filed his Third Amended Complaint in this matter on March 16, 2009. (Doc. 15.) Pursuant to the law discussed below, the Court must now screen the Third Amended Complaint.

///

///

3

**DISCUSSION**

A. <u>Screening</u>

The Court is required to screen a complaint brought by a prisoner seeking relief against a governmental agency or an officer or employee of a governmental agency, and to review a case filed *in forma pauperis* prior to service of process. 28 U.S.C. §1915A(a); 28 U.S.C. 1915(e). The Court must screen the complaint – in this case, Plaintiff's third amended complaint – for sufficiency and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) &(2); 28 U.S.C. § 1915 (e)(2)(B); <u>see</u> <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448 (9th Cir. 1987 (citing <u>Franklin v. Murphy</u>, 745 F. 2d 1221, 1228 (9th Cir. 1984).)

(1) <u>Failure to state a claim</u>

A complaint should be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984)(citing <u>Conley v Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); <u>Palmer v. Roosevelt Lake Log Owners Ass'n., Inc.</u>, 651 F. 2d 1289, 1294 (9th Cir. 1981). Section 1915(e) of the Prison Litigation Reform Act requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim. 28 U.S.C. § 1915; <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998). However, where a deficient complaint could possibly be cured by an amendment, the complaint must be dismissed with leave to amend. See <u>Eldridge v. Block</u>, 832 F. 2d 1132, 1135-1137 (9th Cir. 1987). When reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint, construe it in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740, 96 S. Ct. 1848 (1976); <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S. Ct. 1843 (1969) .

(2) <u>Frivolous</u>

A complaint is legally frivolous when it has no arguable basis in law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-325, 109 S. Ct. 1837 (1989); <u>Franklin v. Murphy</u>, 745 F. 2d at 1229. The Court may dismiss a complaint as frivolous if it is based on an indisputably meritless

legal theory or merely fanciful factual allegations. Id. Frivolous factual allegations include those that are irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728 (1992). The Court must liberally construe a *pro se* pleading, however, it is not required to "accept as true unreasonable inferences or conclusory allegations cast in the form of factual allegations." Trevillion v. Tarantino, 2005 WL 2072098, at *3 (N.D. Cal. Aug. 23, 2005) (citations omitted).

(3) Malicious

The test for malice is a subjective one that requires the court to determine whether the plaintiff is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U. S. 43, 46, 35 S. Ct. 236 (1915); see Wright v. Newsome, 795 F. 2d 964, 968 n. 1(11th Cir. 1986). A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process, threatens violence or contains disrespectful references to the court, or contains untrue material allegations of fact or false statements made with knowledge and intent to deceive the court. Crisafi v. Holland, 655 F. 2d 1305, 1309 (D.C. Cir. 1981); Horsey v. Asher, 741 F. 2d 209, 212 (9th Cir. 1984).

(4) Section 1983 third amended complaint

Plaintiff's third amended complaint seeks damages under 42 U.S.C. § 1983, which provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. ...

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that rights acted under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988); Collins v. Womancare, 878 F. 2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of

the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F. 2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer, 844 F.2d at 633. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 691-692, 98 S. Ct. 2018 (1978) (citing Rizzo v. Goode, 432 U.S. 362, 370-371, 96 S. Ct. 598 (1976)).

(5) Rule 8(a)

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. Jones v. Community Redevelopment Agency, 733 F. 2d 646, 649 (9th Cir. 1984). In other words, the plaintiff is required to give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992 (2002) (citations omitted). Although a complaint need not outline all of the elements of a claim, it must be possible to infer from the allegations that all of the elements exist and that the plaintiff is entitled to relief under a viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F. 2d 275, 277 (5th Cir. 1990). Conclusory allegations unsupported by facts are insufficient to state a claim under § 1983. Sherman v. Yakahi, 549 F. 2d 1287, 1290 (9th Cir. 1977). The plaintiff "must 'allege with at least some degree of particularity overt acts which

defendants engaged in' that support plaintiff's claims." Id.

B. Analysis

(1). Plaintiff's allegations

Like the previous three complaints, Plaintiff's Third Amended Complaint (Doc. 15) alleges civil rights violations arising out of a police shooting. Plaintiff names Sergeant Casey Grogan, in his official capacity, as the sole defendant in the action.[1] (Doc. 15 at p. 1.) The allegations are that, on July 4, 2008, around 4:00 p.m., Plaintiff saw a police car headed down his street. (Id. at p. 3.) Knowing that he had warrants out for his arrest, Plaintiff went into the rear yard of his mother's home, apparently to escape detection by the police because Plaintiff further alleges that he went "out back [and] hunched under some metal slidings [*sic*]." (Id.) Plaintiff asserts that Sergeant Grogan "gave warning" to Plaintiff to "come out with my hands out in front of me." (Id.) At the time the warning was given, Plaintiff was in a sitting position with his hands out in front of him but maintains that he was unable to get out from under the metal slidings [*sic*] without using his hands. (Id.) Plaintiff says that Officer Grogan then shot Plaintiff in the right leg above the knee, "for what reason I do not know, just doing as he had told me to do." (Id.) Construing information contained in various other portions of the claim document as charging allegations, it appears that Plaintiff asserts that Sergeant Grogan did not give Plaintiff sufficient time to comply with the officer's order or any warning before shooting Plaintiff. No

---

[1] The caption of Plaintiff's Third Amended Complaint lists only Sergeant Casey Grogan as a defendant. (Fed. R. Civ. Proc. 10(a) states that every complaint filed with the court must have a caption; the caption includes the title of the action and the title "must name all the parties... .") Plaintiff identifies a Sergeant Milligan in the "Additional defendants" portion of the standard form of Civil Rights Violation complaint used by the Plaintiff. (Doc. 15 at p. 2.) However, a fair reading of the contents of that particular paragraph discloses that Plaintiff used this section not to identify additional defendants but to state some of the allegations of his claim. Furthermore, nowhere in this Third Amended Complaint does Plaintiff link Sergeant Milligan to any harm suffered by Plaintiff, a requirement for legal sufficiency of a claim against a defendant under 42 U.S.C. § 1983 (Monell, 436 U.S. at 691-692; Rizzo, 432 U.S. at 370-371; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). Nor does Plaintiff seek any relief either directly from Sergeant Milligan or based on any acts attributed to Sergeant Milligan (Doc. 15 at p. 3.) For these reasons, the Court concludes Plaintiff has not named Sergeant Milligan as a defendant in Plaintiff's Third Amended Complaint.

other information about the circumstances that led to the shooting is provided except the claim that Sergeant Grogan's actions were unjustified because "Ok how am I to come out on my butt without my hands in a situation as I was, I could not and still would of been shot [*sic*]. How is that justified [*sic*]." (Id.)

Plaintiff alleges that, after the shooting occurred, Sergeant Milligan arrived and helped pull Plaintiff out from under the metal slidings [*sic*]. (Id.) Plaintiff claims damages for physical and psychological injuries he has allegedly suffered as a result of the shooting. (Id.)

(2). <u>Analysis of Sufficiency of Plaintiff's Excessive Force Claim</u>.

Here, Plaintiff has impliedly alleged that Sergeant Grogan, acting as an employee of the Shafter Police Department, engaged in the use of excessive force in effecting Plaintiff's arrest at his home on July 4, 2008. For the reasons set forth below, the Court concludes that Plaintiff has, once again, not pleaded facts sufficient to state a claim for excessive force under the Fourth Amendment.

The allegations in this Third Amended Complaint again disclose that Plaintiff was in the process of being arrested at the time the incident occurred. Therefore, any excessive force claim must be predicated on the Fourth Amendment. <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989). The Fourth Amendment guarantees the right "to be secure in their persons . . . against unreasonable ... seizures." U.S. Const. amend. IV. In <u>Graham</u>, 490 U.S. at 395, the United States Supreme Court held that claims alleging that law enforcement officials used excessive force during an arrest, investigatory stop, or other seizure should be analyzed under the Fourth Amendment's "objective reasonableness" standard. <u>Billington v. Smith</u>, 292 F.3d 1177, 1184 (9th Cir. 2002); <u>Robinson v. Solano County</u>, 278 F.3d 1007, 1009 (9th Cir. 2002). Under the Fourth Amendment, officers may only use such force as is "objectively reasonable" under the circumstances. <u>Graham v. Connor</u>, 490 U.S. 386, 397 (1989). To determine whether the force used was reasonable, courts balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." <u>Id.</u> at 396 (citations omitted); <u>Billington</u>, 292 F.3d at 1184.

In evaluating the nature and quality of the intrusion, the court must consider "the type and

amount of force inflicted" in arresting the plaintiff. Jackson v. City of Bremerton, 268 F.3d 646, 651-652 (9th Cir. 2001); Chew v. Gates, 27 F.3d 1432, 1440 (9th Cir.1994)

Next, the court must balance the plaintiff's alleged intrusions against the governmental interests at stake. Jackson v. City of Bremerton, 268 F.3d 646, 652 (9th Cir. 2001) In considering the government's interests, the court must consider the severity of the crime at issue, whether the suspect posed an immediate threat to the officer's safety and whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight. Graham, 490 U.S. at 396 (citing Tennessee v. Garner, 471 U.S. 1, 8-9 (1985)); Jackson, 268 F.3d at 651-652.

"The reasonableness inquiry is objective, without regard to the officer's good or bad motivations or intentions." Billington, 292 F.3d at 1184. The court must judge the reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 397. The court must remember that police officers are often forced to make split-second judgments during tense, uncertain, and rapidly evolving circumstances. Billington, 292 F.3d at 1184; Robinson v. Solano County, 278 F.3d 1007, 1009 (9th Cir. 2002).

The same analysis applies to any arrest situation where force is used, whether it involves physical restraint, use of a baton, use of a gun, or use of a dog. Mendoza v. Block, 27 F.3d 1357, 1362-63 (9th Cir. 1994) (deputies' use of police dog to find suspect and secure him until handcuffed analyzed under reasonableness standard).

Because the reasonableness test is not capable of precise definition or mechanical application, its proper treatment requires careful attention to the facts and circumstances of each particular case including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. Graham, 490 U.S. at 396; Tennessee v. Garner, 471 U.S. 1, 3 (1985) (use of deadly force reasonable only if officer has probable cause to believe that suspect poses significant threat of death or serious physical injury to officer or others). These factors are not exclusive, however, and the totality of the particular circumstances of each case must be considered. Fikes v. Cleghorn, 47 F.3d 1011, 1014 (9th Cir. 1995); Forrester, 25 F.3d at

806 n.2.

Police officers are not required to use the least intrusive degree of force possible; they are required only to act within a reasonable range of conduct. See Forrester, 25 F.3d at 806-07 (use of minimal and controlled force in manner designed to limit injuries reasonable); Scott v. Henrich, 39 F.3d 912, 915 (9th Cir. 1994) (requiring officers to find and choose least intrusive alternative would require them to exercise superhuman judgment) (1995). A plaintiff may prove excessive force, however, even where there is no significant injury. See Wilks v. Reyes, 5 F.3d 412, 416 n.1 (9th Cir. 1993) (plaintiff entitled to award of nominal damages even if no actual damage suffered).

Applying those principles to the instant amended complaint, the Court concludes that Plaintiff has failed to plead sufficient factual allegations in the Third Amended Complaint to demonstrate that Defendant's conduct was objectively unreasonable. Plaintiff's complaint asserts merely conclusory allegations that Grogan shot Plaintiff "for what reason I do not know." (Doc. 15 at p. 3.) However, Plaintiff also acknowledges that he went into the rear yard of his mother's home when he saw a police car coming down the street because Plaintiff knew there were warrants out for his arrest. (Id.) Plaintiff's claim also acknowledges that Plaintiff, apparently attempting to avoid arrest, had secreted himself under metal slidings [*sic*] at the time he was shot and that Officer Grogan had given Plaintiff warning to come out from where Plaintiff was hiding with his hands out. (Id.) Although Plaintiff claims he was sitting there, hunched down under the metal covering with his hands out "just doing as [the officer] told me to do," Plaintiff impliedly admits that he did not comply with the officer's order to come out from the place Plaintiff has hidden himself. (Id.)

Once again, Plaintiff is advised that the simple fact he was shot during the course of his arrest by Officer Grogan is not a prima facie violation of Plaintiff's civil rights. Whether Plaintiff's civil rights were violated by Grogan's conduct depends upon whether Defendant Grogan's conduct was objectively reasonable under the circumstances. Until the Court is made aware of *all the circumstances* that existed at the time of this incident – which Plaintiff still has not done –, the Court is not in a position to determine the objective reasonableness of Grogan's

conduct in shooting Plaintiff in the leg. Certainly, Plaintiff's belief that the mere fact of being shot is, in itself, objectively unreasonable is contrary to existing federal law.

As was true with the prior Second Amended Complaint, Plaintiff does not provide sufficient facts regarding the circumstances surrounding the shooting incident in the Third Amended Complaint. Although Plaintiff now discloses that he was hiding from the police officers because he knew there were warrants out for his arrest (a fact that does not advance his excessive force claim), Plaintiff does not allege what those arrest warrants were for, what prompted Defendant Grogan and/or other law enforcement personnel to be present in that area in search of Plaintiff, what circumstances prompted Sergeant Grogan to draw his weapon, or indeed any other circumstances that would provide at least a threshold factual context to Plaintiff's conclusion that Grogan's shooting of Plaintiff was a violation of Plaintiff's civil rights.

Although Plaintiff claims that Sergeant Grogan's action in shooting Plaintiff was unjustified, this pleading contains both too few and too many facts. In certain portions of his claim, Plaintiff basically alleges that Officer Grogan's action in shooting Plaintiff was unjustified because Plaintiff was physically unable to comply with the order to come out and maintain his hands in front of him. Too few factual allegations support this assertion. Having advised the Court hat there were outstanding warrants for his arrest, Plaintiff fails to describe the offenses underpinning his outstanding warrants. Any conclusion about the reasonableness of the officer's actions demands considerably more information about those offenses, e.g., at a minimum, their nature. Plaintiff does not allege what, if any, effort Plaintiff made to communicate with the officer about Plaintiff's physical inability to comply with the officer's orders. There is no information about why Plaintiff could not have duck-walked or crawled out with hands in front of him from the location where he was hiding in a sitting position. There is no information about any other movements or activity Plaintiff may have engaged in while hiding from the officer(s) involved. As a consequence of the omission of facts such as these, and any other necessary to provide a reasonably complete picture of the circumstances existing at the time of the shooting, Plaintiff fails to make a sufficient showing that Sergeant Grogan was neither provoked nor justified in his actions.

In another portion of his claim, Plaintiff states that Officer Grogan did not give Plaintiff "proper time to obey his order." Not only does this statement impliedly contradict the earlier claim that Plaintiff was physically unable to comply with the officer's orders, it is more conclusion than fact. Plaintiff does not allege the amount of time that elapsed between the officer's warning to Plaintiff to come out from his hidden position and the discharge of the officer's gun. Nor does Plaintiff describe other intervening events about which Plaintiff had knowledge that occurred between the time of Grogan's order/ warning and the shooting. Again, this gap in critical information deprives the Court of the knowledge necessary to determine the objective reasonableness of Grogan's conduct in shooting Plaintiff in the leg, a determination necessary to the Court's assessment of the legal sufficiency of Plaintiff's claim. Moreover, in the absence of this information, Plaintiff's allegation that Officer Grogan acted precipitously, and therefore unjustifiably, in shooting Plaintiff is simply a conclusion. As noted earlier, conclusory allegations unsupported by facts are legally insufficient to state a claim for relief under § 1983. <u>Sherman</u>, 549 F. 2d at 1290. Plaintiff must allege with some degree of particularity those overt acts in which Defendant Grogan engaged that support Plaintiff's claim. <u>Jones</u>, 733 F.2d. at 649.

Plaintiff's failure to specifically articulate all of the circumstances of the arrest is of notable importance in light of the Supreme Court's determination in <u>Graham</u> that the "reasonableness" inquiry in an excessive force case is an "objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." <u>Graham</u>, 490 U.S. at 397 (citing <u>Scott v. United States</u>, 436 U.S. 128, 137-39 (1978)). *Without allegations regarding those "facts and circumstances," the Court has <u>no</u> basis on which to conduct an "objective reasonableness" inquiry*.

For the foregoing reasons, the Court finds that Plaintiff has not pleaded facts sufficient to state a violation of his Fourth Amendment rights. Therefore, the Court will dismiss the Third Amended Complaint.

C. <u>Opportunity to amend.</u>

Based on the foregoing, Plaintiff's case will be dismissed. With respect to leave to amend, the Court notes that this is the fourth complaint Plaintiff has filed in this proceeding and

the third one reviewed by the Court for adequacy.   Despite the Court's repeated and careful description of the deficiencies in the prior complaints, along with the several and successive admonitions that any subsequently filed amended complaint must cure the identified problems, Plaintiff has been unable to frame a legally sufficient claim for relief under 42 U.S.C. § 1983. Although Plaintiff appears to have made some progress by eliminating the Shafter Police Department as a defendant, the Court cannot conclude that Plaintiff has been able to make any significant progress in curing the identified factual deficits necessary to state a sufficient claim against the only (and apparently central) defendant in this case, Sergeant Grogan.  Certainly, there has been no change in either the clarity or the required level of specificity of the operative allegations.  Consequently, the Court has little confidence that an additional opportunity to amend the complaint would result in success.

Fed. R. Civ. Proc. 41(b) gives the Court the discretion to dismiss a complaint where the plaintiff fails to comply with a rule or court order.  <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996).  However, before a complaint can be dismissed with prejudice for failure to comply with a federal rule, the Court must first consider less drastic alternatives.  <u>Id.</u>  The Court has given Plaintiff  three opportunities to correct his pleadings.  Each time leave to amend was given, the Court ordered Plaintiff to file an amended complaint that cured the problems carefully identified by the Court in its order.  Each subsequent attempt by Plaintiff to correct those omissions and/or errors in the amended complaint failed to comply with the Court's order.  And many of the persistent errors are ones that emerged early in the pleading process and continued to appear in the later amended complaints.  Under the circumstances of this case, any lesser sanction that might be effective in securing Plaintiff's compliance are not apparent to the Court.

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Third Amended Complaint (Doc. 15) be DISMISSED, without leave to amend and with prejudice for failure to state a claim and failure to follow an order of the Court;

2. The Clerk of the Court be directed to enter judgment for Defendant because the dismissal would terminate the action in its entirety.

1       This report and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to provisions of 28 U.S.C. § 636 (b) (1) (B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b) (1) (C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    May 4, 2009**               /s/ Sandra M. Snyder
                                                        UNITED STATES MAGISTRATE JUDGE